## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| GINA SLAVIN-BORGESI, | § | |
| Individually and as next friend of | § | |
| C.B., Minor | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| TRANSCHEM USA LLC, and THE | § | |
| LUBRIZOL CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

Defendant TransChem USA LLC ("TransChem") timely files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441(b) and 1446(c), invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## I.

## INTRODUCTION

1.     On August 12, 2022, Plaintiff Gina Slavin-Borgesi ("Plaintiff"), individually and as next friend of C.B., a minor child, filed her Original Petition and Application for Temporary Restraining Order ("Petition") in the 333rd Judicial District Court of Harris County, Texas under Cause No. 2022-49831, and styled *Gina Slavin-Borgesi, individually and as next friend of C.B., Minor vs. TransChem USA, LLC, and The Lubrizol Corporation*.  **Ex. A** (Pl.'s Orig. Pet.).  Plaintiff's

lawyers faxed a copy of the Petition to a TransChem representative the same day. Id. at 1 (Fax Coversheet).

2.     In the Petition, Plaintiff asserts claims to recover damages that the pair allegedly sustained while in their New Jersey residence as a result of a chemical release at a nearby New Jersey truck stop, id. at 3, ¶¶ 10–16.  Plaintiff further asserts that she "seek[s] monetary relief over $1,000,000.00," id. at 2, ¶ 9, as well as unspecified punitive damages, id. at 7, ¶¶ 47–50.

3.     On August 15, 2022, and in response to the Petition, TransChem filed a Verified Special Appearance pursuant to Texas Rule of Civil Procedure 120a, challenging the exercise of personal jurisdiction over it in Texas.  (TransChem re-asserts that challenge to personal jurisdiction, here, and will soon file a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).)  Subject to, and without waiver of its Verified Special Appearance, TranChem also filed an answer in the form of a general denial pursuant to Texas Rule of Civil Procedure 92.

4.     Pursuant to 28 U.S.C. § 1446(a), TransChem accompanies this Notice with copies of all process, pleadings, and orders, received by TransChem in the state court action, all of which are attached hereto as **Exhibit A**.

## II.

## <u>TIMELINESS OF REMOVAL</u>

5.      Plaintiff filed this action in Texas state court on August 12, 2022, and Plaintiff faxed a TransChem representative a copy of the Petition that same day.  **Ex. A.**  TransChem files this this Notice "within thirty (30) days after recei[ving] . . . , through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," so TransChem's Notice is timely.  28 U.S.C. § 1446(b)(1).

## III.

## <u>BASIS FOR REMOVAL: DIVERSITY JURISDICTION</u>

6.      This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as Plaintiff and TransChem—the only two parties who have been served or otherwise appeared in the state court action—are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, far exceeds $75,000.00.

*A.*     ***Complete Diversity Exists.***

7.      By Plaintiff's own allegation, Plaintiff is a citizen of the State of New Jersey.  **Ex. A** (Pl.'s Orig. Pet.) at 1, ¶ 1.

8.     In the state-court action below, Plaintiff improperly pled TransChem's citizenship by focusing its allegations on TransChem's supposed place of incorporation and principal place of business.  As a threshold matter—and contrary to what Plaintiff contends in its Original Petition—TransChem is not a Texas corporation.  Instead, TransChem is a Georgia limited liability company whose citizenship, for diversity-jurisdiction purposes, is determined by the citizenship of all of its member(s).  Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp., 757 F.3d 481, 483 (5th Cir. 2014) (citing Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008)).  None of TransChem's members is a citizen or otherwise resides in Texas.  **Ex A** (TransChem's Verified Special Appearance). Instead, TransChem's five members, all of whom are natural persons (Messrs. Peter C. Sumerford; Harold A. Sumerford, Jr.; Steven Kyle Gailey; Billy W. Lollar; and Chris E. Horner), are residents and citizens of Alabama.  Therefore, TransChem is a citizen of Alabama for diversity purposes.  Tewari De-Ox Sys., 757 F.3d at 483.

9.     Because Plaintiff is a citizen of New Jersey and TransChem is a citizen of Alabama, there is complete diversity of citizenship among all parties as required by 28 U.S.C. § 1332.

10.     Finally, Plaintiff's allegation that Defendant The Lubrizol Corporation ("Lubrizol") maintains its principal office in Deer Park, Texas, does not preclude removal under the so-called "forum-defendant" rule because TransChem has

removed this action *before* Lubrizol was "properly joined and served as [a] defendant[]" in the underlying state court action. 28 U.S.C. § 1441(b)(2). The Fifth Circuit has definitively held, under the plain language of Section 1441(b)(2) of the removal statute, that "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." Tex. Brine Co., LLC v. Am. Arbitration Ass'n, Inc., 955 F.3d 482, 487 (5th Cir. 2020).

11.     In any event, and on information and belief, Plaintiff incorrectly alleges that Lubrizol's principal place of business is in Texas. **Exhibit A** (Pl.'s Orig. Pet. at 2, ¶ 4). Instead, on information and belief, Lubrizol is an Ohio corporation maintaining its headquarters and principal place of business in Wickliffe, Ohio. **Exhibit B** (Lubrizol's Third Amended Restated Articles of Incorporation); **Exhibit C** ("Wickliffe Facts" Tab of Lubrizol's Website) ("The Wickliffe facility is the world headquarters of The Lubrizol Corporation. . . . . The east campus houses the corporate services office of the world headquarters."). This inaccuracy is important because, for purposes of diversity jurisdiction, a corporation like Lubrizol is a citizen of the state(s) where it is incorporated and where it maintains its principal place of business. Swindol v. Aurora Flight Sciences Corp., 805 F.3d 516, 518 (5th Cir. 2015). Because Ohio is where Lubrizol is incorporated and maintains its principal place of business, Lubrizol is a citizen of Ohio, and there is complete diversity

among all parties—even Lubrizol, who, as of this filing, has yet to be properly joined and served as a defendant.

## B.   *The Amount in Controversy Exceeds $75,000.00.*

12.   In its Original Petition, Plaintiff alleges that it "seeks monetary relief over $1,000,000.00 due to Defendants' acts and/or ommissions," **Ex. A** (Pl.'s Orig. Pet.) at 2, ¶ 9, and further demands punitive damages, id. at 7, ¶¶ 47–50.  Therefore, based on the amount of monetary damages Plaintiff alleges, the amount in controversy exceeds $75,000.00 and removal is proper.  See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 724 (5th Cir. 2002) ("We ordinarily consult the state court petition to determine the amount in controversy." (citing St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998)).

## V.

## VENUE

13.   Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1441(a) because Harris County, Texas, is located within this District, and cases arising from Harris County, Texas, are properly assigned to the District's Houston Division.  28 U.S.C. § 124(b)(2).

## VI.

## <u>ADDITIONAL REQUIREMENTS</u>

14.     Plaintiff demanded a jury trial in its Original Petition. **Ex. A** (Orig. Pet.) at 7, ¶ 51.

15.     Written notice of removal will be provided to Plaintiff and filed with the District Clerk of Harris County, Texas, pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

Having satisfied all requirements for removal under 28 U.S.C. §§ 1441, 1446, and 1332, TransChem hereby gives notice Cause No. 2022-49831, and styled *Gina Slavin-Borgesi, individually and as next friend of C.B., Minor vs. TransChem USA, LLC, and The Lubrizol Corporation.*, now pending in the 333rd Judicial District Court of Harris County, Texas, has been removed to this Court.

Dated:  **August 15, 2022**          **RESPECTFULLY SUBMITTED,**



By:     */s/ Robert H. Ford*
        Robert H. Ford
        Attorney-in-Charge
        rford@bradley.com
        TX State Bar No. 24074219
        S.D. Tex. ID No. 1392569

600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier

EDWARD S. SLEDGE, IV
Alabama Bar No. asb-6239-d60s
esledge@bradley.com
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
(205) 521-8525 Telephone
(205) 488-6525 Telecopier
*Pro hac vice application forthcoming*

TY E. HOWARD
Texas Bar No. 24118061
thoward@bradley.com
Roundabout Plaza
1600 Division Street
Ste 700
Nashville, TN 37203
(615) 244-2582 Telephone
(615) 252-6380 Telecopier
*Pro hac vice application forthcoming*
**Counsel of Record for Specially Appearing
Defendant TransChem USA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 15, 2022, a true and correct copy of the foregoing was served via email on the counsel listed below:

Mr. Adam T. Funk
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, TX 77098
(713) 963.8881 (Tel.)
(713) 583.5388
afunk@potts-law.com


--and--

Mr. Adam Slater
SLATER SLATER SCHULMAN LLP
89 North Haddon Ave., Suite D
Haddonfield, NJ 08033
aslater@sssfirm.com

**COUNSEL OF RECORD FOR PLAINTIFF**


*/s/ Robert H. Ford*
Robert H. Ford