# Exhibit A

CAUSE NO. 2022-49831

| GINA SLAVIN-BORGESI, Individually<br>and as next friend of C.B., Minor, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSCHEM USA, LLC, and THE | § | |
| LUBRIZOL CORPORATION | § | |
| | § | |
| *Defendants*. | § | 333RD JUDICIAL DISTRICT |

## INDEX OF STATE COURT REMOVAL

| 1. | 8.14.2022 | Docket Sheet |
|----|-----------|--------------|
| 2. | 8.12.2022 | Plaintiffs' Original Petition and Application for Temporary Restraining Order |
| 3 | 8.12.2022 | Proposed Temporary Restraining Order |
| 4. | 8.12.2022 | Notice of Hearing Regarding Plaintiffs' Application for Temporary Restraining Order |
| 5. | 8.15.2022 | Defendant Transchem USA, LLC's Verified Special Appearance and General Denial Subject Thereto |

Office of Harris County District Clerk - Marilyn Burgess

**HCDistrictclerk.com**   SLAVIN-BORGESI, GINA (INDIVIDUALLY AND AS   8/15/2022
NEXT FRIEND OF C B) vs. TRANSCHEM USA LLC
Cause: 202249831        CDI: 7      Court: 333

### DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 103478269 | Plaintiffs original petition and application for temporary restraining order | | 08/12/2022 | 12 |
| -> 103478270 | Proposed Temporary Restraining Order | | 08/12/2022 | 3 |
| 103483571 | Notice of Hearing | | 08/12/2022 | 1 |

8/12/2022 2:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67234242
By: Patricia Jones
Filed: 8/12/2022 2:01 PM

CAUSE NO. _____

| | | |
|---|---|---|
| GINA SLAVIN-BORGESI, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS NEXT FRIEND OF C. B., MINOR | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSCHEM USA, LLC, AND | § | |
| THE LUBRIZOL CORPORATION | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND
## APPLICATION FOR TEMPORARY RESTRAINING ORDER

NOW COME Gina Slavin-Borgesi, Individually and as Next Friend of C. B., Minor, ("Plaintiffs") and file this Original Petition complaining of Defendants TransChem USA, LLC, and The Lubrizol Corporation ("Defendants") and, in support thereof, respectfully show as follows:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.

### PARTIES

2.      Plaintiff Gina Slavin-Borgesi is an individual resident and citizen of the State of New Jersey. C. B. is a minor child whose legal guardian is Plaintiff Gina Slavin-Borgesi.

3.      Defendant TransChem USA, LLC, hereinafter "Defendant TransChem" is a corporation registered to conduct business in Texas and headquartered in Baytown, Texas (Harris County). Defendant TransChem USA, LLC, may be served with process by and through its general manager, Andrew Petrofsky, 11411 Liberty Dr., Baytown, Texas 77523.

4.      Defendant, The Lubrizol Corporation, hereinafter "Defendant Lubrizol" is a Foreign, For-Profit Corporation located at 29400 Lakeland Blvd., Wickliffe, Ohio 44092 with its principal office located at 41 Tidal Rd., Deer Park, Texas 77536. Defendant may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

5.      Plaintiffs additionally assert all rights and requests all relief under Texas Rule of Civil Procedure 28 and demands that Defendants above answer in their true name, if they differ from that outlined above.

## JURISDICTION AND VENUE

6.      The present Court has personal jurisdiction over the parties, as they are citizens of Texas or otherwise have minimum contacts with the state of Texas. This Court has subject matter jurisdiction over the matter as the amount in controversy is within the limits of the court, and no other court has exclusive jurisdiction.

7.      Removal cannot occur because Defendants are forum defendants pursuant to 28 U.C.S. § 1441(b)(2).

8.      Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) because Defendants' principal office, executive officers, and corporate office are in Harris County, Texas.

## CLAIM FOR RELIEF

9.      In accordance with Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $1,000,000.00 due to Defendants' acts and/or omissions.

## FACTS

10.    On or about Wednesday, August 10, 2022, a TransChem truck carrying over 7,000 pounds of a chemical manufactured by Lubrizol parked at a truck stop in Gloucester County, New Jersey.

11.    Upon information and belief, the chemical was Lubrizol-1389 (Zinc alkyldithiophosphate), a highly caustic lubricant additive that cause physical injuries to those who come in contact with it.

12.    Shortly after the TransChem truck parked, the chemical load began expelling from the tanker due to the negligence of Defendants.

13.    The caustic chemicals spread throughout the area as far as 50 miles away. The corrosive chemical entered into thousands of homes, businesses, and vehicles. The chemical caused numerous 911 calls complaining of nausea, vomiting, headaches, shortness of breath, eye/lung irritation, sore throat and other injuries.

14.    A shelter in place order was issued by Gloucester County, New Jersey, due to the chemical leak.

15.    Plaintiff was in her residence at the time of the chemical release. Plaintiff suffered nausea, dizziness, cough, headache, lung irritation, and eye irritation. Plaintiff's minor child suffered vomiting, nausea, dizziness, cough, headache, lung irritation, and eye irritation.

16.    Defendants' reckless disregard for safety was the proximate cause for this incident. Plaintiffs' injuries were directly attributable to the conduct as described above.

## CAUSES OF ACTION
## COUNT 1 – STRICT LIABILITY AGAINST ALL DEFENDANTS

17.    Plaintiffs hereby incorporate the foregoing paragraphs and re-assert them herein.

18.    Defendants are the owners of the tanker, truck, and chemicals in question.

19.     Defendants conducted an abnormally dangerous activity. Transporting toxic chemicals is an activity that is not of common usage and creates a foreseeable and highly significant risk of physical harm even when reasonable care is exercised by all actors.

20.     Defendants knew or reasonably should have known of the activity's highly significant risk of physical harm.

21.     Defendants had a duty to use ordinary care to ensure that the tanker did not present a danger to Plaintiffs. This duty includes the duty to inspect and the duty to warn or to cure.

22.     Defendants breached the duty of ordinary care by failing to operate its tanker truck in a reasonable and safe manner so as to prevent a leak or otherwise notify others in the general area of the abnormally dangerous activity relating to the chemical.

23.     Defendants' breach of duty proximately caused injury to Plaintiffs which resulted in the following damages:

   a.     Past and future pain and suffering;

   b.     Past and future mental anguish;

   c.     Past and future reasonable, necessary, and customary medical expenses; and

   d.     Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

24.     Plaintiffs' injuries resulted from Defendants' gross negligence or malice which entitles Plaintiffs to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## COUNT 2 – NEGLIGENCE AND GROSS NEGLIGENCE
## AGAINST ALL DEFENDANTS

25.     Plaintiffs hereby incorporate the foregoing paragraphs and re-assert them herein.

26.     As the owner and/or occupier of the premises, Defendants owed a duty to the public and to Plaintiffs to make the surrounding community safe and free from any effects of the abnormally dangerous activity taking place.

27.     Defendants breached its duty in several ways including, but not limited to, negligently allowing the leak to occur, negligently maintaining the dangerous chemicals in its possession, failing to warn the community of a chemical leak in a timely fashion, and other ways to be discovered.

28.     As a direct and proximate result of the foregoing acts of negligence, Plaintiffs sustained injuries and past and future damages including, but not limited to:

      a.     Past and future pain and suffering;

      b.     Past and future mental anguish;

      c.     Past and future reasonable, necessary, and customary medical expenses; and

      d.     Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

29.     Plaintiffs' injuries resulted from Defendants' gross negligence or malice which entitles Plaintiffd to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## COUNT 3 – PRIVATE NUISANCE AGAINST ALL DEFENDANTS

30.     Plaintiffs hereby incorporate all prior allegations as though set forth herein.

31.     Plaintiffs had a private interest in the land they resided on during the chemical leak in question

32.     The chemical leak substantially interfered with Plaintiffs' interest in the use and enjoyment of land causing Plaintiffs unreasonable discomfort and annoyance.

33.     Defendants created the chemical leak condition negligently and/or by abnormally dangerous conduct.

34. The chemical leak caused injury to Plaintiffs, and Plaintiffs suffered damages.

35. Plaintiffs' injury resulted from Defendants' gross negligence or malice which entitles Plaintiffs to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## COUNT 4 – BATTERY/ASSAULT AGAINST DEFENDANTS

36. Plaintiffs hereby incorporate all prior allegations as though set forth herein.

37. Defendants caused an object to make contact with Plaintiffs' person. Specifically, Defendants allowed harmful chemical to make contact with Plaintiffs.

38. Defendants acted recklessly in allowing the chemical to make contact with Plaintiffs.

39. As a direct and proximate result of the foregoing acts of battery/assault, Plaintiffs suffered personal injuries and past and future damages, including, but not limited to:

   a. Past and future pain and suffering;

   b. Past and future mental anguish;

   c. Past and future reasonable, necessary, and customary medical expenses;

   a. Past and future lost wages and/or loss of earning capacity;

   d. Past and future disfigurement; and

   e. Past and future impairment.

40. Plaintiffs' injuries resulted from Defendants' gross negligence which entitles Plaintiffs to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## COUNT 5 – MEDICAL MONITORING

41. Plaintiffs hereby incorporate all prior allegations as though set forth herein.

42. Plaintiffs have suffered a significant exposure to a hazardous substance through the tortious actions of the Defendants.

43.    As a proximate result of this exposure, Plaintiffs suffer from an increased risk of contracting a serious latent disease.

44.    The increased risk makes periodic diagnostic medical examinations reasonably necessary.

45.    Monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

46.    Plaintiffs seek unliquidated damages within the jurisdictional limits of this court as it relates to the damages incurred to monitor their medical condition.

## PUNITIVE DAMAGES

47.    Plaintiffs hereby incorporate all prior allegations as though set forth herein.

48.    It was foreseeable that Plaintiffs would expect there not to be any chemical leaks near their home.

49.    Plaintiffs' injuries resulted from Defendants' gross negligence which entitles Plaintiffs to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

50.    All injuries suffered by Plaintiffs relating to this incident, past, present, and future, were due to the aforementioned causes of action of the Defendants, without any contributing negligence on the part of the Plaintiffs.

## JURY DEMAND

51.    Plaintiffs seek a trial by jury and tender the appropriate fee to the Harris County District Clerk.

## <u>APPLICATION FOR TEMPORARY RESTRAINING ORDER</u>

1.       Plaintiffs' application for a temporary restraining order is authorized by TEX. CIV. PRAC. & REM. CODE §65.011(1). Plaintiffs are entitled to discover the evidence relevant to their case. Plaintiffs, through this application, seek the preservation of crucial evidence in Defendants' possession.

2.       Plaintiffs ask the Court to order that Defendants preserve all relevant evidence relating to the chemical leak on August 10, 2022. "Evidence" includes, but is not limited to, the following:

a.       Any and all photographs and videotapes, including drone footage, of the scene of the incident, parties or equipment involved, including but not limited to the immediate vicinity and any other areas surrounding the August 10, 2022, incident;

b.       Any and all stickers, safety slogans, warnings, manuals, etc., attached to or related to the tanker truck, pressure safety valve, or whatever mechanism caused or contributed to the August 10, 2022, incident;

c.       All equipment, including manuals and materials related to the same, that were and/or have been used in the maintenance of the tanker truck, pressure safety valve, or whatever mechanism caused the August 10, 2022, incident, that were utilized from January 1, 2010, to the present;

d.       Any and all documents/communications regarding the tanker truck, pressure safety valve, or whatever mechanism caused the August 10, 2022, incident;

e.       Any and all documents relating to previous chemical leaks and/or spills caused by Defendants, including, but not limited to, injuries to any person, trespassing events, or unauthorized access;

f.       Any and all documents or records relating to the August 10, 2022, incident, including but not limited to any records, communications, documents, e-mails, text messages, by and between Defendants, their agents, directors, employees, and assigns, and any and all governmental agencies and/or private emergency responders who responded to the August 10, 2022, incident;

g.       Any and all e-mails, electronic data, documents, statements, diaries, calendar entries, memos, incident reports, call slips or telephone messages, text messages, facsimiles, voicemail messages and correspondence related to the August 10, 2022, incident; and

h.      Any and all logbooks, maintenance logs, cargo logs, maintenance and repair records, inspection reports, annual inspection reports, operating manuals actual audiotape recordings or any transcript or any recorded statements, mobile radio and dispatch records pertaining to the August 10, 2022, incident.

3.      In addition, Plaintiffs ask the Court to order Defendants to allow Plaintiffs, their counsel, and their expert witnesses to access Defendants' premises to photograph the tanker truck, pressure safety valve, or whatever mechanism caused the chemical leak.

4.      In the alternative, should this Court not provide access to Plaintiffs, Plaintiffs request the Court to order Defendants to take or provide photographs of the scene of the incident in its original condition before any measures were taken.

5.      It is probable that Plaintiffs will recover from Defendants after a trial on the merits because the Plaintiffs were injured due to Defendants' negligence and/or gross negligence. Defendants will be held strictly liable for Plaintiffs' injuries.

6.      If Plaintiffs' application is not granted, harm is imminent because evidence in Defendants' current possession is extremely relevant to this case.

7.      The harm that will result if the temporary restraining order is not issued is irreparable because any evidence not preserved will forever be lost to the detriment of Plaintiffs.

8.      Plaintiffs have no adequate remedy at law.

9.      Plaintiffs are willing to post bond.

10.     There is not enough time to serve notice on Defendants and to hold a hearing on this application. The chemical leak occurred August 10, 2022, and Defendants have already "cleaned" the site and may have made changes to the scene of the incident, namely the tanker truck.

## REQUEST FOR TEMPORARY INJUNCTION

11.     Plaintiffs ask the Court to set their application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants.

12.     Plaintiffs have joined all known, indispensable parties under Texas Rule of Civil Procedure 39.

## PRAYER

For the reasons stated herein, Plaintiffs ask that the Court issue citation for Defendants to appear and answer, and that Plaintiffs be awarded against Defendants the following:

a.      An order against Defendants for:

   i.      Temporary Restraining Order;

   ii.     Temporary Injunction; and

b.      a judgment against Defendants for all damages in an amount to be proven at trial, plus pre- and post-judgment interest, to be finally calculated at the time judgment is entered; past and future medical monitoring; reasonable costs incurred in bringing this action; and all other and further relief, at law or in equity, as this Court may deem appropriate.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**


 _/s/ Adam T. Funk_____
Adam T. Funk
Texas State Bar No.: 24058657
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Phone: (713) 963.8881
Fax: (713) 583.5388
afunk@potts-law.com


**SLATER SLATER SCHULMAN LLP**
Adam Slater (*pro hac vice* to be requested)
New Jersey State Bar No.: 310072019
89 North Haddon Avenue, Suite D
Haddonfield, NJ 08033
aslater@sssfirm.com

COUNSEL FOR PLAINTIFFS

CAUSE NO. _____

| | | |
|---|---|---|
| GINA SLAVIN-BORGESI, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS NEXT FRIEND OF C. B., MINOR | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSCHEM USA, LLC, AND | § | |
| THE LUBRIZOL CORPORATION | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## <u>VERIFICATION OF ADAM T. FUNK</u>

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

On this day, Adam T. Funk, appeared before me, the undersigned notary public, and after I administered the oath to him, upon oath, he stated:

"My name is Adam T. Funk. I am over 21 years old and of sound mind.

I hereby verify the facts of Plaintiffs' Application for Temporary Restraining Order. My office faxed the Application and Proposed Order to the fax number provided by Defendants as well as e-mailed it to The Lubrizol Corporation's known counsel of record on another case.

Further Affiant Sayeth Not."

_____
Affiant

SWORN TO AND SUBSCRIBED before me on the 12th day of August, 2022.

HEATHER L. RISINGER
Notary Public, State of Texas
Comm. Expires 06-30-2024
Notary ID 124975100

_____
NOTARY PUBLIC, STATE OF TEXAS

8/12/2022 2:01:59 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 67234242
By: JONES, PATRICIA D
Filed: 8/12/2022 2:01:59 PM

CAUSE NO. _____

| | | |
|---|---|---|
| GINA SLAVIN-BORGESI, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS NEXT FRIEND OF C. B., MINOR | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSCHEM USA, LLC, AND | § | |
| THE LUBRIZOL CORPORATION | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

1.    After considering Plaintiffs' Application For Temporary Restraining Order, the pleadings, the affidavits, and arguments of counsel, the Court finds there is evidence that harm is imminent to Plaintiffs, and if the Court does not issue the Temporary Restraining Order, Plaintiffs will be irreparably injured because Defendants will be able to alter or dispose of crucial evidence before the investigation of said evidence by Plaintiffs' counsel and/or any experts, if retained.

2.    An ex parte order, without notice to Defendants, is necessary because there was not enough time to give notice to Defendants, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur. Specifically, without a temporary restraining order in place immediately, Defendant may dispose of or alter its premises, and/or equipment or tools in such a way that will interfere completely with Plaintiff's counsel's and expert's investigation.

3.    Therefore, by this order, Defendants are hereby:

COMMANDED to refrain and resist from changing, modifying, altering and/or destroying of any documents pertaining to the chemical leak on August 10, 2022, including all information stored, held or maintained in electronic format or via the internet, except for any and all efforts that may be necessary or become necessary in the very near future for the rescue or safety of persons in the immediate areas of the chemical leak and exposure site. This Order includes the preservation and maintenance of the following:

a.    Any and all photographs and videotapes, including drone footage, of the scene of the incident, parties or equipment involved, including but not limited to the immediate vicinity and any other areas surrounding the August 10, 2022, incident;

b.    Any and all stickers, safety slogans, warnings, manuals, etc., attached to or related to the tanker truck, pressure safety valve, or whatever mechanism caused or contributed to the August 10, 2022, incident;

c.      All equipment, including manuals and materials related to the same, that were and/or have been used in the maintenance of the tanker truck, pressure safety valve, or whatever mechanism caused the August 10, 2022, incident, that were utilized from January 1, 2010, to the present;

d.      Any and all documents/communications regarding the tanker truck, pressure safety valve, or whatever mechanism caused the August 10, 2022, incident;

e.      Any and all documents relating to previous chemical leaks and/or spills caused by Defendants, including, but not limited to, injuries to any person, trespassing events, or unauthorized access;

f.      Any and all documents or records relating to the August 10, 2022, incident, including but not limited to any records, communications, documents, e-mails, text messages, by and between Defendants, their agents, directors, employees, and assigns, and any and all governmental agencies and/or private emergency responders who responded to the August 10, 2022, incident;

g.      Any and all e-mails, electronic data, documents, statements, diaries, calendar entries, memos, incident reports, call slips or telephone messages, text messages, facsimiles, voicemail messages and correspondence related to the August 10, 2022, incident; and

h.      Any and all logbooks, maintenance logs, cargo logs, maintenance and repair records, inspection reports, annual inspection reports, operating manuals actual audiotape recordings or any transcript or any recorded statements, mobile radio and dispatch records pertaining to the August 10, 2022, incident.

i.      THE COURT RECOGNIZES THE ONGOING RESCUE AND INVESTIGATION EFFORTS OF THE FOLLOWING GOVERNMENT ENTITIES. THIS ORDER DOES NOT RESTRICT THE DIRECTION, ACTIVITIES OR INVESTIGATION OF ANY GOVERNMENTAL AGENCIES IN THEIR INVESTIGATION OR RESCUE EFFORTS. Said injunction includes, but is not limited to any and all tools, instrumentalities, and/or devices which may have been used by workers in any capacity, as well as work authorizations or other documents indicating status of work at the time of the event in question as well as physical evidence of any kind in any way connected with the incident and/or incident scene in question. This Order applies to Defendants and their attorneys, agents, servants, employees, contractors, contractors' employees, and/or those acting in concert with Defendants.

4.      Plaintiffs shall post bond in the amount of $_____ under Rule 684 of the Texas Rules of Civil Procedure.

5.      This order shall expire by its terms on _____, at which time a hearing on temporary injunction shall be held in this Court at _____ to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

SIGNED on _____, 20_____, at _____ a.m./p.m.

<br>

_____
PRESIDING JUDGE

8/12/2022 4:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67247181
By: Britani Mouton
Filed: 8/12/2022 4:28 PM

CAUSE NO. 2022-49831

| | | |
|---|---|---|
| GINA SLAVIN-BORGESI, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS NEXT FRIEND OF C. B., MINOR | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TRANSCHEM USA, LLC, AND | § | |
| THE LUBRIZOL CORPORATION | § | |
| | § | |
| *Defendants*. | § | 333RD JUDICIAL DISTRICT |

## NOTICE OF HEARING

TO: ALL PARTIES:

Please take notice that Plaintiffs' Application for Temporary Restraining Order will be considered by the Court by oral hearing via Zoom on Monday, August 15, 2022, at 2:30 p.m. CDT in the Ancillary Court of Harris County, Texas. The Zoom link information is as follows:

Zoom Link: https://justex.zoom.us/j/89500610259
Meeting ID: 895 0061 0259.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

 */s/ Adam T. Funk*
Adam T. Funk
Texas State Bar No.: 24058657
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Phone: (713) 963.8881
Fax: (713) 583.5388
afunk@potts-law.com

**SLATER SLATER SCHULMAN LLP**
Adam Slater (*pro hac vice* to be requested)
New Jersey State Bar No.: 310072019
89 North Haddon Avenue, Suite D
Haddonfield, NJ 08033
aslater@sssfirm.com

COUNSEL FOR PLAINTIFFS

8/15/2022 9:05 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67269483
By: Alan Robledo
Filed: 8/15/2022 9:05 AM

CAUSE NO. 2022-49831

| | | |
|---|---|---|
| GINA SLAVIN-BORGESI, Individually and as next friend of C.B., Minor, | § § § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| TRANSCHEM USA, LLC, and THE LUBRIZOL CORPORATION | § § § | |
| *Defendants*. | § § | 333RD JUDICIAL DISTRICT |

**DEFENDANT TRANSCHEM USA, LLC'S
VERIFIED SPECIAL APPEARANCE AND GENERAL DENIAL SUBJECT
THERETO**

Non-resident Defendant TransChem USA LLC ("TransChem"), incorrectly identified as TransChem USA, LLC, hereby specially appears, pursuant to Texas Rule of Civil Procedure 120a, to object to the Court's exercise of personal jurisdiction over TransChem as to this entire proceeding and respectfully shows as follows:

**I.
VERIFIED SPECIAL APPEARANCE**

**A.   BACKGROUND FACTS**

1.      In this case, Plaintiff Gina Slavin-Borgesi ("Plaintiff"), a self-avowed New Jersey citizen, Pl.'s Orig. Pet. at 1, ¶ 2, has brought this lawsuit—both individually and as next of friend of a minor child—to recover damages that the pair allegedly sustained while in their New Jersey residence as a result of a chemical

release at a nearby New Jersey truck stop, id. at 3, ¶¶ 10–16.  In other words, this case involves a New Jersey plaintiff complaining about New Jersey injuries to New Jersey citizens that were allegedly caused by acts or omissions undertaken in New Jersey.

2.     Plaintiff alleges that the release originated from a "TransChem truck carrying over 7,000 pounds of chemical," id. at 3, ¶ 10, and further claims—as TransChem's sole nexus to Texas—that TransChem "is a corporation registered to conduct business in Texas and headquartered in Baytown, Texas (Harris County)," id. at 1, ¶ 3.  But that is incorrect.

3.     On the contrary, TransChem is an LLC, not a corporation, and it is organized under the laws of the state of Georgia, not Texas.  See Ex. A (TransChem Annual Registration Statement).  Moreover, TransChem's principal place of business is in Birmingham, Alabama, and none of TransChem's members is a citizen or resident of Texas.  Ex. B. (TransChem Cert. of Org.).  TransChem's members consist of five natural persons, all of whom are citizens and residents of Alabama.

4.     Aside from the demonstrably false allegation that the Alabama-headquartered and Georgia-formed TransChem maintains its principal place of business in Texas, Plaintiff alleges no facts connecting TransChem (or its supposed role in this case) to Texas.

**B.   ARGUMENT & AUTHORITIES**

5.      Texas Rule of Civil Procedure 120a provides, in pertinent part, that "a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State."  TEX. R. CIV. P. 120a.  Rule 120a further provides that "[a] special appearance may be made as to an entire proceeding or as to any severable claim involved therein" and that "[s]uch special appearance shall be made by sworn motion filed prior to . . . any other plea, pleading or motion; provided however, that . . . any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance." Id.

6.      The standard for the exercise of personal jurisdiction in Texas is no doubt familiar to the Court.  "Texas courts may exercise personal jurisdiction over a nonresident if '(1) the Texas long-arm statute authorizes the exercise of jurisdiction; and (2) the exercise of jurisdiction is consistent with federal and state constitutional due-process guarantees.'"  Watamar Holding, S.A. v. SFM Holdings, S.A., 583 S.W.3d 318, 325 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (quoting Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 574 (Tex. 2007)).  And, "[u]nder the Texas long-arm statute, the plaintiff bears the initial burden of pleading

allegations sufficient to confer jurisdiction." <u>Id.</u> (citing <u>Retamco Operating, Inc. v.</u> <u>Rep. Drilling Co.</u>, 278 S.W.3d 333, 337 (Tex. 2009)).  Once a plaintiff has met this threshold burden, the burden then shifts to the specially appearing defendant to negate all potential bases for personal jurisdiction pleaded by the plaintiff.  <u>Id.</u>

7.     Plaintiff devotes just one sentence to explaining how TransChem—an Alabama-based and Georgia-formed LLC, none of whose members reside in Texas—is subject to personal jurisdiction in Texas with respect to this New Jersey dispute.  Namely, Plaintiff pleads that "[t]he present Court has personal jurisdiction over the parties, as they are citizens of Texas or otherwise have minimum contacts with the state of Texas."

8.     It is hornbook law that "[p]ersonal jurisdiction exists if the nonresident defendant's minimum contacts give rise to either specific jurisdiction or general jurisdiction."  <u>Id.</u> at 326.  Neither is present here.

9.     "A court has general jurisdiction over a nonresident defendant whose 'affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State," <u>TV Azteca v. Ruiz</u>, 490 S.W.3d 29, 37 (Tex. 2016) (citing <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 127 (2014)), with the place of incorporation (or formation) and principal place of business being the "paradigm bases for general jurisdiction," <u>Daimler</u>, 571 U.S. at 137; 139); <u>accord Ascentium</u> <u>Cap. LLC v. Hi-Tech the Sch. Of Cosmetology Corp.</u>, 558 S.W.3d 82, 829 (Tex.

App.—Houston [14th Dist.] 2018, no pet.). As has already been established, TransChem is *not* a citizen of Texas, is not formed or organized under Texas's laws, and it does not maintain its principal place of business, here. Consequently, the notion that TransChem is subject to general, "all-purpose" personal jurisdiction in Texas is a non-starter.

10. That just leaves specific, or so-called "claims-based" jurisdiction, in which the Court "focus[es] the minimum-contacts analysis on the relationship among the defendant, the forum, and the litigation." Watamar Holding, 583 S.W.3d at 326. "Specific jurisdiction is established if the defendant's alleged liability arises out of or is related to an activity conducted within the forum," and "[f]or a nonresident defendant's forum contacts to support an exercise of specific jurisdiction, there must be a substantial connection between those contacts and the operative facts of the litigation." Id. (citing Moki Mac, 221 S.W.3d at 585). Here, Plaintiff has alleged no such connection, and with good reason: none exists. Again, and to recap, Plaintiff alleges that TransChem owes her and a minor child—both self-alleged residents and citizens of New Jersey—damages that they allegedly sustained while in their New Jersey home as a result of chemical release that occurred in New Jersey. There is *no* connection, let alone a "substantial" one, between TransChem's Texas contacts, if any, and the operative facts of this case.

11.     Finally, even if Plaintiff had met its threshold burden of pleading minimum contacts sufficient to support the exercise of personal jurisdiction over TransChem in Texas, such an exercise would be unfair and unreasonable.

## II.
## GENERAL DENIAL
### *SUBJECT TO* VERIFIED SPECIAL APPEARANCE

12.     TransChem makes this general denial *expressly subject to*, and without waiver of, its Verified Special Appearance.

13.     Subject to, and without waiver of its Special Appearance, TransChem hereby generally denies, pursuant to Texas Rule of Civil Procedure 93, all claims asserted against it in this cause.

14.     Subject to, and without waiver of its Special Appearance, TransChem further and specifically denies: being a Texas resident; being a Texas citizen; and maintaining its principal place of business in Texas.

## III.
## AFFIRMATIVE DEFENSES
### *SUBJECT TO* VERIFIED SPECIAL APPEARANCE

15.     Pursuant to Texas Rule of Civil Procedure 94, TransChem asserts the following affirmative defense(s)/matter(s) of avoidance *expressly subject to*, and without waiver of its, Verified Special Appearance:

a.      Subject to, and without waiver of, its Special Appearance, TransChem hereby asserts Plaintiff's claims are barred, in whole or in part, for lack of personal jurisdiction.

16.     Subject to, and without waiver of, its Special Appearance, TransChem reserves the right to supplement these affirmative defenses/matters of avoidance.

## CONCLUSION & PRAYER

Based on the foregoing, Specially Appearing Defendant TransChem USA, LLC respectfully prays that this Court set this Special Appearance for hearing before any other motions or pleas in this matter, and at the conclusion of said hearing, find that it lacks personal jurisdiction over TransChem and grant TransChem's Special Appearance accordingly.

**Dated: August 15, 2022**                          *Respectfully submitted*,



By:    */s/ Robert H. Ford*
        ROBERT H. FORD
        Texas Bar No. 24074219
        rford@bradley.com
        600 Travis Street, Suite 4800
        Houston, Texas 77002
        (713) 576-0300 Telephone
        (713) 576-0301 Telecopier

EDWARD SLEDGE, IV
Alabama Bar No. asb-6239-d60s
esledge@bradley.com
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
(205) 521-8525 Telephone
(205) 488-6525 Telecopier
*Pro hac vice application forthcoming*

TY E. HOWARD
Texas Bar No. 24118061
thoward@bradley.com
Roundabout Plaza
1600 Division Street
Ste 700
Nashville, TN 37203
(615) 244-2582 Telephone
(615) 252-6380 Telecopier
**Counsel of Record for Specially Appearing Defendant TransChem USA, LLC**

## VERIFICATION

My name is Andrew David Petrofsky, my date of birth is November 20th, 1978, and my address is 1100 Corporate Parkway, Birmingham, AL 35242, United States of America. I declare under penalty of perjury that all of the facts stated in the foregoing Verified Special Appearance, filed on behalf of Specially Appearing Defendant TransChem USA, LLC, are true and correct.

Executed in Jefferson County, State of Alabama, on the 13th day of August, 2022.

ANDREW PETROFSKY

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Texas Rules of Civil Procedure 21 and 21a, that on August 15, 2022, I caused a true and correct copy of the foregoing to be served, via eService and email, on the following counsel of record for the parties that have appeared in this action:

Mr. Adam T. Funk
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, TX 77098
(713) 963.8881 (Tel.)
(713) 583.5388
afunk@potts-law.com


--and--

Mr. Adam Slater
SLATER SLATER SCHULMAN LLP
89 North Haddon Ave., Suite D
Haddonfield, NJ 08033
aslater@sssfirm.com

**COUNSEL OF RECORD FOR PLAINTIFF**

*/s/ Robert H. Ford*
Robert H. Ford

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Angela Davis on behalf of Robert Ford
Bar No. 24074219
adavis@bradley.com
Envelope ID: 67269483
Status as of 8/15/2022 9:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Adam Funk | | afunk@potts-law.com | 8/15/2022 9:05:59 AM | SENT |
| Robert H.Ford | | rford@bradley.com | 8/15/2022 9:05:59 AM | SENT |
| Angela Davis | | adavis@bradley.com | 8/15/2022 9:05:59 AM | SENT |
| Charmaine Brim | | cbrim@bradley.com | 8/15/2022 9:05:59 AM | SENT |
| Adam Funk | 24058657 | afunk@potts-law.com | 8/15/2022 9:05:59 AM | SENT |
| Adam Slater | | aslater@sssfirm.com | 8/15/2022 9:05:59 AM | SENT |
| EDWARD SLEDGE, IV | | esledge@bradley.com | 8/15/2022 9:05:59 AM | SENT |
| Ty EHoward | | thoward@bradley.com | 8/15/2022 9:05:59 AM | SENT |

# Exhibit A

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**ANNUAL REGISTRATION**

*Electronically Filed*
Secretary of State
Filing Date: 2/25/2022 3:13:47 PM

| BUSINESS INFORMATION | |
|---|---|
| **CONTROL NUMBER** | 15097269 |
| **BUSINESS NAME** | TransChem USA LLC |
| **BUSINESS TYPE** | Domestic Limited Liability Company |
| **EFFECTIVE DATE** | 02/25/2022 |
| **ANNUAL REGISTRATION PERIOD** | 2022 |

| PRINCIPAL OFFICE ADDRESS | |
|---|---|
| **ADDRESS** | 100 Highway 19 North, Americus, GA, 31709, USA |

| REGISTERED AGENT | | |
|---|---|---|
| **NAME** | **ADDRESS** | **COUNTY** |
| HAROLD SUMERFORD, JR. | ROUTE 1, BOX 5, AMERICUS, GA, 31709, USA | Sumter |

| AUTHORIZER INFORMATION | |
|---|---|
| **AUTHORIZER SIGNATURE** | Chris Horner |
| **AUTHORIZER TITLE** | Authorized Person |

# Exhibit B

Control Number : 15097269

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

### CERTIFICATE OF ORGANIZATION

I, Brian P. Kemp, the Secretary of State and the Corporation Commissioner of the State of Georgia, hereby certify under the seal of my office that

**TransChem USA LLC**

a **Domestic Limited Liability Company**

has been duly organized under the laws of the State of Georgia on **10/08/2015** by the filing of articles of organization in the Office of the Secretary of State and by the paying of fees as provided by Title 14 of the Official Code of Georgia Annotated.

WITNESS my hand and official seal in the City of Atlanta
and the State of Georgia on 10/09/2015



Brian P. Kemp
Secretary of State

## ARTICLES OF ORGANIZATION

*Electronically Filed*
Secretary of State
Filing Date: 10/8/2015 1:27:44 PM

### BUSINESS INFORMATION

| | |
|---|---|
| **CONTROL NUMBER** | 15097269 |
| **BUSINESS NAME** | TransChem USA LLC |
| **BUSINESS TYPE** | Domestic Limited Liability Company |
| **EFFECTIVE DATE** | 10/08/2015 |

### PRINCIPAL OFFICE ADDRESS

| | |
|---|---|
| **ADDRESS** | 100 Highway 19 North, Americus, GA, 31709, USA |

### REGISTERED AGENT'S NAME AND ADDRESS

| **NAME** | **ADDRESS** |
|---|---|
| HAROLD SUMERFORD, JR. | ROUTE 1, BOX 5, Sumter, AMERICUS, GA, 31709 |

### ORGANIZER(S)

| **NAME** | **TITLE** | **ADDRESS** |
|---|---|---|
| Charles M. Cushing | ORGANIZER | 191 Peachtree St NE, Suite 4500, Atlanta, GA, 30303, USA |

### OPTIONAL PROVISIONS

The management of the limited liability company is vested in one or more managers as provided in the written operating agreement of the members, as amended from time to time.

### AUTHORIZER INFORMATION

| | |
|---|---|
| **AUTHORIZER SIGNATURE** | Charles M. Cushing |
| **AUTHORIZER TITLE** | Organizer |